UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP WAYNE BERRYMAN
and DONMISCE CLARK,

        Plaintiffs,                Civil No.: 2:23-cv-12339
                                     Honorable Paul D. Borman

v.

F. ARTIS, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

This is a 42 U.S.C. § 1983 action. Michigan prisoners Philip Wayne Berryman and Donmisce Clark ("Plaintiffs") are presently confined at the Thumb Correctional Facility in Lapeer, Michigan. Plaintiffs allege that Michigan Department of Corrections ("MDOC") officials Warden F. Artis, Officer A. Little, P.C. T. Wysong, Sgt. Walker, Sgt. Denison, A.D.W. O. Carter, Officer Coburn, Officer Rukenrod, Officer S. Johnson, D.W. Mark McDonald, and Ad. Asst. J. France conspired to issue numerous false misconduct tickets in retaliation for Plaintiffs filing grievances, complaints, and lawsuits. Defendants are being sued in their individual and official capacities. Plaintiffs seek monetary damages and declaratory relief for their claims.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity.

## I. LEGAL STANDARD

Plaintiff Clark has been granted *in forma pauperis* status.[1] (ECF No. 7). Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to, *sua sponte*, dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees, which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1] Plaintiff Berryman has elected to pay half of his portion of the $402.00 filing fee. (ECF No. 4.)

2

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II. DISCUSSION

First, Plaintiffs' claims against Defendants Artis, McDonald, Carter, and France must be dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691–92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Plaintiffs appear to allege that Defendants Artis, McDonald, Carter, and France should be held liable for failing to investigate, report, and/or address the purported retaliatory conduct. (ECF No. 1, PageID.42–46). Plaintiffs further allege that Defendants Carter, France, and McDonald "covered up" the retaliatory conduct by failing to report it and by denying Plaintiffs access to documents related to filing grievances. (*Id.* at PageID.43). None of Plaintiffs' allegations sufficiently allege personal involvement under § 1983.

To the extent Plaintiffs assert that these defendants should be held liable on a theory of supervisory liability:

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either

4

> encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982). Plaintiffs fail to provide any facts showing that defendants authorized, approved, or knowingly acquiesced in the unconstitutional conduct.

Further, to the extent that Plaintiffs' allegations are premised on defendants' failure to take remedial action or report the retaliatory conduct, such allegations are also insufficient to impose liability. "Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Id*. (quotations omitted); *see Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1998) ("At best, [Plaintiff] has merely claimed that the [supervisory officials] were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983"). Therefore, Plaintiffs fail to show personal involvement based on Defendants' failure to act.

Finally, Plaintiffs' allegations against these Defendants are wholly conclusory. Plaintiffs appear to allege that Defendants Artis, McDonald, Carter, and France violated their First Amendment rights by acting with retaliatory motive and by approving or ratifying the issuance of false misconduct tickets; however, they fail to provide any factual support for their claims. "[C]onclusory allegations of

5

retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). *See also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (affirming dismissal of retaliation claim under § 1915A because "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted). Plaintiffs' conclusory allegations against these defendants fail to state a claim. For these reasons, Plaintiffs' claims against Defendants Artis, McDonald, Carter, and France are dismissed.

Second, Plaintiffs' claims against Defendant Sgt. Denison must be dismissed on the basis of immunity. Plaintiffs allege that Sgt. Denison retaliated against Plaintiff Clark when he found Clark guilty of an out-of-place misconduct violation, but determined Plaintiff Berryman was not guilty of that same violation. (ECF No. 1, PageID.46–47). Plaintiffs allege that Defendant Denison was the acting hearing officer during the misconduct hearing. Plaintiffs' claims against Defendant Denison fail because Michigan prison hearing officers are entitled to "'absolute judicial immunity from liability with respect to their judicial acts.'" *Goldsmith v. Sharrett*, 614 F. App'x 824, 827 (6th Cir. 2015) (quoting *Shelly v. Johnson*, 849 F.2d 228, 229–30 (6th Cir. 1988)). Therefore, Defendant Denison is absolutely immune from suit for his findings and determinations at Plaintiff Clark's misconduct hearing.

Third, the Court concludes that the remaining MDOC employees are entitled to Eleventh Amendment immunity on claims against them in their official capacities. The Eleventh Amendment to the United States Constitution bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit, or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

Thus, Plaintiffs' claims for monetary damages and non-prospective injunctive relief against any MDOC employee in his or her official capacity must be dismissed.

Lastly, the Court finds that Plaintiffs' claims against Officer Little, P.C. Wysong, Sgt. Walker, Officer Coburn, Officer Rukenrod, and Officer Johnson in their individual capacities concerning First Amendment retaliation are not subject to summary dismissal. While Plaintiffs may or may not ultimately prevail on those claims, they have pleaded sufficient facts to state potential claims for relief.

### III. CONCLUSION

For the reasons stated, the Court **DISMISSES** Defendants Artis, McDonald, Carter, France, and Denison from this action as they no longer have valid pending claims for relief against them.

The Court further **DISMISSES** the claims for monetary damages (and any non-prospective injunctive relief) against Officer Little, P.C. Wysong, Sgt. Walker, Officer Coburn, Officer Rukenrod, and Officer Johnson in their official capacities.

The Court further concludes that Plaintiffs' claims against Officer Little, P.C. Wysong, Sgt. Walker, Officer Coburn, Officer Rukenrod, and Officer Johnson, concerning First Amendment retaliation survive the Court's initial screening process

under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
United States District Judge

Dated: December 1, 2023