UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP WAYNE BERRYMAN
and DONMISCE CLARK,

        Plaintiffs,        Civil No. 2:23-cv-12339
                              Honorable Brandy R. McMillion

v.

F. ARTIS, et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON BASIS OF EXHAUSTION (ECF NO. 26) AND GRANTING DEFENDANTS' MOTION TO STRIKE SUR-REPLY (ECF NO. 42)

This is a *pro se* prisoner civil rights case filed by Plaintiffs Philip Wayne Berryman ("Berryman") and Donmisce Clark ("Clark") (collectively, "Plaintiffs"), pursuant to 42 U.S.C. § 1983, against several individuals employed by the Michigan Department of Corrections ("MDOC") for conspiring to issue false misconduct tickets against them. *See generally* ECF No. 1. On December 1, 2023, an Opinion and Order of Partial Dismissal was issued, dismissing Plaintiffs' claims against all but six individuals – Arthur Little, Tonya Wysong, Daron Walker, Nathan Coburn, Della Rukenbrod, and Scott Johnson (collectively, "Defendants"). ECF No. 8.

Before the Court is Defendants' Motion for Summary Judgment (ECF No. 26). Defendants contend that Plaintiffs failed to exhaust their administrative

remedies and as a result they are entitled to summary judgment on Plaintiffs' claims. This motion has been fully briefed. Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). Having reviewed the briefs, the Court finds that oral argument is unnecessary and will rule on the record before it. *Id*. Because the Court finds that Plaintiffs have not exhausted their administrative remedies, the Court **GRANTS** the motion, and the case is **DISMISSED WITHOUT PREJUDICE**.

## I.

Berryman and Clark are inmates at the Thumb Correctional Facility in Lapeer, Michigan. ECF No. 1, PageID.24. Berryman alleges that he received six different retaliatory misconduct tickets from October 2022 to August 2023. *See generally* ECF No. 1. Clark, an inmate that became Berryman's Handicap Aid, alleges that he also received one retaliatory misconduct ticket. *Id*. Plaintiffs allege that these retaliatory tickets were all written at the direction of Defendant Tonya Wysong. ECF No. 1, PageID.39; ECF No. 26-2, PageID.359. A review of Berryman's Step III Grievance Report shows that he filed a grievance against Defendant Wysong for having staff write false misconduct tickets. ECF No. 26-2, PageID.356. That grievance was denied at Step I and Step II; and ultimately rejected at Step III for failing to include the Step I response. *Id*. A review of Clark's Step III Grievance

2

Report shows that he has never pursued any Step III grievances. *See* ECF No. 26-4, PageID.379.

Plaintiffs filed the instant lawsuit seeking monetary damages, and declaratory relief for Defendants' alleged violations of their First, Eighth and Fourteenth Amendment rights. ECF No. 1, PageID.28. Defendants move for summary judgment on the basis that Plaintiffs failed to exhaust their administrative remedies before filing suit. ECF No. 26. Plaintiffs responded and Defendants filed a reply. ECF No. 33, 35. In addition to their Response brief, Plaintiffs also filed a Sur-Reply (titled Plaintiffs' Objection to Defendants' Reply to Response). *See* ECF No. 37. This filing was without leave of the Court and in violation of Local Rule 7.1(c)(3). While *pro se* pleadings are to be treated liberally, "it is incumbent upon litigants, even those proceeding *pro se*, to follow the...rules of procedure," and this includes "local and state court rules." *Fields v. Cty. of Lapeer*, 238 F.3d 420 (6th Cir. 2000) (citation omitted). Accordingly, the Court will strike this pleading and **GRANT** Defendants' Motion to Strike the Sur-Reply (ECF No. 42).

## II.

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over

3

facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the movant satisfies its initial burden of demonstrating the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact. *Scott*, 550 U.S. at 380; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Scott*, 550 U.S. at 380 (quoting *Matsushita*, 475 U.S. at 586), as the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Scott*, 550 U.S. at 380 (quoting *Anderson*, 477 U.S. at 247-248); *see also Babcock & Wilcox Co. v. Cormetech, Inc.*, 848 F.3d 754, 758 (6th Cir. 2017) ("A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment."); *Midtown Inv. Grp. v. Massachusetts Bay Ins. Co.*, No. CV 20-10239, 2021 WL 3164274, at *2 (E.D. Mich. July 27, 2021).

### III.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner cannot bring an action challenging his prison conditions unless he exhausts administrative remedies. 42 USC § 1997e(a). "This requirement is not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought into court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Generally, inmates must exhaust through their prison's comprehensive grievance process – and that process determines when and if a prisoner has properly exhausted his claim. *Id.* at 218.

In general, a Michigan prisoner seeking to exhaust his administrative remedies must comply with MDOC Policy Directive 03.02.130 (effective July 9, 2007, superseded on March 18, 2019), which provides a three-step grievance procedure. *See Chrzan v. Mackay*, No. 19-CV-116, 2020 WL 1067291, at *2 (W.D. Mich. Feb. 3, 2020), report and recommendation adopted, 2020 WL 1064864 (W.D. Mich. Mar. 5, 2020). Before submitting a written grievance, the prisoner must attempt to resolve any issue with the staff member involved within two business days of becoming aware of the grievable issue. If the issues are not resolved within five business days, the prisoner may file a Step I grievance. If the prisoner is dissatisfied with the disposition of the grievance decision or does not receive a response within ten

business days after the due date, he may file a Step II grievance. Finally, the prisoner may file a Step III grievance if he is dissatisfied with the Step II result. The grievance process is exhausted once the final response is issued at Step III.

However, certain matters, such as decisions made in misconduct hearings are non-grievable under the Policy. *See* ECF No. 26-2, PageID.290. Instead, prisoners must exhaust and challenge misconduct decisions through a hearing, a rehearing or an appeal of the decision made at the hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011); *see also* ECF No. 26-6 (MDOC Policy Directive 03.03.105 (effective July 1, 2018)). Pursuant to Michigan law, "[a] prisoner aggrieved by a final decision or order of a hearings officer shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1).

Allegations that a misconduct ticket was issued in retaliation against the prisoner must be raised at the misconduct hearing. *Siggers*, 652 F.3d at 693-94; *see also Parker v. Turner*, No. 20-12794, 2022 WL 722192, *3 (E.D. Mich. Mar. 9, 2022) (citation omitted). If the inmate does not say at the hearing that the issuance of the ticket was retaliatory, any avenue to challenge the misconduct ticket is foreclosed and the inmate has failed to exhaust administrative remedies. *Id*.

To evaluate Defendants' motion, the Court must first look at what grievances were filed, who they named and if they were properly exhausted through the

6

grievance process. Berryman's Step III Grievance Report shows that of all the remaining defendants in this case, he only named Wysong in any grievance that made it through Step III of the grievance process. ECF No. 26-2. Clark's Step III Grievance report shows that he never pursued ***any*** grievance through Step III of the grievance process. ECF No. 26-4. Based on this, Defendants Little, Walker, Coburn, Rukenbrod, and Johnson are entitled to summary judgment.

Plaintiffs must name prison officials during the grievance process in order to proceed against them in Court. The whole purpose of the exhaustion requirement of the PLRA is to allow "prison officials an opportunity to resolve disputes concerning the exercise of their responsibility before being hauled into court." *Jones*, 549 U.S. at 204. The PLRA attempts to eliminate unwarranted federal court interference with the administration of prisons and thus seeks to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Plaintiffs' claims are that these defendants violated their constitutional rights by issuing retaliatory misconduct tickets. Therefore, they would need to grieve the prison employees' misconduct before proceeding on constitutional claims in this Court. Plaintiffs appear to concede this point in stating that the "GRIEVANCE OF DEFENDANT PC TONYA WYSONG THIS IS THE ONLY GRIEVANCE OF ANY FORCE IN THIS CASE." *See* ECF No. 33, PageID.627 (emphasis in original).

7

Plaintiffs present no arguments otherwise relating to Defendants Little, Walker, Coburn, Rukenbrod, or Johnson in their Response. Their arguments fail to address any misconduct hearings on the tickets written by these defendants; and the record, as presented, is void of any reference to the *Siggers* exhaustion requirements. Consistent with *Siggers*, Plaintiffs would need to raise retaliation at the misconduct hearing in order to maintain an avenue to challenge the misconduct ticket. However, Plaintiff presents no evidence that this was done and provides no facts or argument regarding the hearing, rehearing or appeal process.

Therefore, the Court finds that Plaintiffs have waived any argument they may have relating to exhaustion under *Siggers*. *See Hickey-Niezgoda v. Wells Fargo Home Mortg.*, No. 11-CV-10538, 2012 WL 1079581, at *3 (E.D. Mich. Mar. 15, 2012) ("It is well understood ... that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citation omitted). "When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist." *Id*. at *2. As the Sixth Circuit explicitly instructs, it would be "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the

non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id*.

Having not named any of the MDOC employees (outside of Wysong) in the grievance process or presented any argument with respect to these defendants, summary judgment in their favor is appropriate.

That leaves before the Court Defendant Wysong. Berryman named Wysong in Grievance TCF-22-12-820-17A. ECF No. 26-3, PageID.359; ECF No. 33, PageID.633. It is important to note that this grievance is not about Plaintiffs' misconduct; but rather is about the actions of Wysong in directing officers to issue false misconduct tickets. Therefore, the proper avenue of exhaustion is through the three-step process, not the rehearing/appeal process detailed in *Siggers*. Plaintiffs argue that they are prohibited from filing grievances on the issues of Class II or Class III misconduct tickets. *See* ECF No. 33, PageID.623. The Court agrees; but here, the grievance is not about the misconduct of Plaintiffs, it is about the misconduct of Wysong.

Employing the three-step grievance process, the MDOC denied the grievance at Step I. ECF No. 33, PageID.633. At Step II, the denial was upheld. ECF No. 26-3, PageID.358. At Step III, the appeal was rejected because it was missing the Step I response, which is required under PD 03.02.130. *See id*. at PageID.356.

9

Plaintiffs argue that the Step I response includes a statement which proves the basis of its conspiracy claim to retaliate against Plaintiffs:

> "PC Wysong states that she did instruct [any] staff assigned to Franklin [] to write false misconducts on any prisoner housed in Franklin [] including prisoner Berryman."

ECF No. 33, PageID.628, 633. However, this statement goes to the substance of the grievance, which is not properly before this Court because the Step III appeal was rejected. Moreover, the Court questions whether the "did instruct" is mistakenly included as opposed to "did not instruct" since the following sentence states, "PC Wysong stated all staff assigned to work in Franklin unit have been instructed to write misconducts when prisoners are in violation of written rules;" and the Decision Summary finds that "all staff are instructed to take disciplinary action whenever a prisoner does not follow established rules." *Id*. at PageID.633. This confusion is exactly why the PLRA requires complete exhaustion before courts get involved.

Because Grievance TCF-22-12-820-17A, naming Wysong, was not fully exhausted through Step III, the Court finds that Plaintiffs have failed to exhaust their administrative remedies and therefore, summary judgment on the claims against Wysong should be granted.

**IV.**

For the reasons stated herein, the Court finds that Plaintiffs failed to name Defendants Little, Walker, Coburn, Rukenbrod, and Johnson in any grievance and

10

failed to exhaust their administrative remedies on the claims against Wysong. Therefore, a grant of summary judgment in Defendants' favor is proper and this case should be dismissed. Having granted summary judgment, the Court finds that Plaintiffs' remaining pending motions and the related report and recommendation are all moot.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Sur-Reply (ECF No. 42) is **GRANTED**. Plaintiffs' Sur-Reply (Objection) (ECF No. 37) is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 26) is **GRANTED**. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 16) and the corresponding Magistrate Judge Report & Recommendation (ECF No. 39), Plaintiffs' Motion to Amend/Correct Complaint (ECF No. 28), Plaintiffs' Motion to Supplement Complaint (ECF No. 30), Plaintiffs' Motion to Take Judicial Notice (ECF No. 36), and Plaintiffs' Motion to Disqualify Judge (ECF No. 48) are hereby **DENIED AS MOOT**.

**This is a final order that closes the case.**

**IT IS SO ORDERED**.

Dated:  September 5, 2024        s/Brandy R. McMillion
                                 BRANDY R. MCMILLION
                                 UNITED STATES DISTRICT JUDGE